UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

YONATAL YOHANNES PETITIONER

VS. CIVIL ACTION NO. 5:26-CV-515-DCB-RPM

RAFAEL VERGARA RESPONDENT

**REPORT AND RECOMMENDATIONS**

Before the Court is Petitioner Yonatal Yohannes's [1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, a native and citizen of Eritrea, filed his pro se Petition [1] on about June 5, 2026, challenging his detention during his removal proceedings and seeking his immediate release from Immigration and Customs Enforcement's ("ICE") detention. Since the filing of his Petition, the Board of Immigration Appeals ("BIA") dismissed his appeal, and his removal order became administratively final. Thus, Petitioner is now detained under 8 U.S.C. § 1231(a). Having considered the Petition [1], the Response [7], and the relevant law, the undersigned recommends that the Petition be dismissed without prejudice because Petitioner's pre-removal statutory claims are now moot, and any post-removal-period detention claim is premature under 8 U.S.C. § 1231(a) and the framework set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

**I. BACKGROUND**

Petitioner entered the United States without being admitted or paroled in December 2024. *See* Ex. A to Resp. [7-1]. Petitioner made a credible fear claim and was placed in removal proceedings. *Id.*

On August 22, 2025, an immigration judge entered an order denying Petitioner's application for asylum, granting his application for withholding of removal under INA § 241(b)(3),

and ordering that Petitioner be removed from the United States to Eritrea. *See* Ex. B to Resp. [7-2]. Petitioner appealed to the BIA, and on June 5, 2026, after Petitioner filed his § 2241 Petition, the BIA dismissed the appeal. *See* Ex. C to Resp. [7-3].

Petitioner filed his pro se Petition [1] on June 5, 2026 (with a signature date of April 16, 2026),[1] while his removal proceedings were still pending,[2] alleging the following ground: "Deprivation of liberty. Prolonged detention." Pet. [1] at 6-7. Petitioner is currently detained at the Adams County Correctional Center in Natchez, Mississippi.

## II. DISCUSSION

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241. The writ of habeas corpus is "available to every individual detained within the United States," including noncitizens. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).

"A district court has subject matter jurisdiction to hear an alien's Section 2241 petition challenging the lawfulness of his or her detention." *Wekesa v. United States Att'y*, No. 22-10260, 2022 WL 17175818, at *1 (5th Cir. Nov. 22, 2022); *see also Imran v. Harper,* No. 25-30370, 2026 WL 93131, *1 (5th Cir. Jan. 13, 2026) ("[D]istrict courts have subject-matter jurisdiction to review § 2241 petitions challenging the lawfulness of a noncitizen's detention . . . .").

At the time he filed his Petition, Petitioner's appeal to the BIA was still pending. However,

---

[1] In addition to his own signature, Petitioner's Petition contains another signature above the line for "Attorney or other authorized representative." Pet. [1] at 8. The following page includes the following: "By: Uchenna Ajaero, Esq. (Global Communication Ed. & Arts "GCEA") Date: 04/16/2026)." Pet. [1-1] at 1. However, neither Uchenna Ajaero, nor any other attorney, has entered an appearance on behalf of Petitioner in this case.

[2] Whether the Petition is deemed filed on April 16, 2026 (signature date) or June 5, 2026 (filing date), it is clear it was signed and submitted by Petitioner while his appeal to the BIA was still pending. *See* Pet. [1] at 6 ("ON 09/22/25 I APPEALED THE DECISION TO THE BOARD OF APPEALS. IT IS STILL PENDING. THIS MEANS I DON'T HAVE A REMOVAL ORDER.").

since the filing of his Petition, the BIA dismissed his appeal, and Petitioner's order of removal became administratively final on June 5, 2026. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals; . . . ."). Thus, he is now being detained under 8 U.S.C. § 1231(a). *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) ("The Government is correct that [petitioner's] detention is now governed by § 1231 . . . [which] defines the circumstances under which an alien enters the 'removal period' . . . ."); *Vetcher v. Barr*, 809 F. App'x 254, 255–56 (5th Cir. 2020) (holding that petitioner's detention under § 1226(c) "ended when he became subject to an administratively final removal order, namely the . . . BIA decision, [and] [t]he authority for his detention then shifted to 8 U.S.C. Section 1231") (citing *Andrade*, 459 F.3d at 542–43). Accordingly, Petitioner's statutory claims challenging his pre-removal detention are now moot. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) ("The removal order became administratively final . . . when the [BIA] dismissed the appeal of the immigration judge's decision. Consequently, [petitioner] is no longer detained pursuant to § 1226, and his claims challenging his detention under that statute are moot.") (citations omitted); *Ndudzi v. Perez*, 509 F. Supp. 3d 943, 947–48 (S.D. Tex. 2020) ("Any prolonged detention claim related to Petitioner's prior detention under § 1225(b) became moot when the BIA's dismissal of Petitioner's appeal shifted her detention to the framework erected in § 1231.").

Pursuant to 8 U.S.C. § 1231, "the Attorney General shall remove the alien from the United States within a period of 90 days (. . . referred to as the 'removal period')[,]" during which time the alien shall be detained. 8 U.S.C. § 1231(a)(1)(A), (a)(2). Petitioner is still within the 90-day removal period which requires mandatory detention. Petitioner's 90-day removal period does not expire until September 3, 2026.

"After that time elapses, however, § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original). In *Zadvydas,* the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 699. "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas,* 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings,* 583 U.S. at 299 (quoting *Zadvydas,* 533 U.S. at 701). "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

To the extent the Petition is liberally construed to challenge Petitioner's post-removal detention, such claim is premature under the framework set forth in *Zadvydas*. The 90-day removal period has not yet expired, and Petitioner "has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas.* Consequently, any challenge to his . . . post-removal-order detention is premature." *Agyei-Kodie*, 418 F. App'x at 318; *see also Zadvydas,* 533 U.S. at 701 ("*After this 6-month period*, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.") (emphasis added); *Andrade,* 459 F.3d at 543 ("*Zadvydas* thus created a '6-month presumption' of the validity

of detention under § 1231, *after which* an alien could attack the reasonableness of his continued detention.") (emphasis added).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition [1] be denied and dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 29th day of July 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE